IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SHERMAN**, *et al* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 17-4822** |
| **STATE FARM INSURANCE** | : | |
| **COMPANY** | : | |

**KEARNEY, J.**                                                                                                **November 17, 2017**

### MEMORANDUM

Pennsylvanians suing their automobile insurer for failing to pay their insurance claim may allege breach of the insurance policy and bad faith under a Pennsylvania statute. They are not the same claim. Alleging bad faith requires facts showing how the insurer acted unreasonably both in denying the policy benefits and later ignoring its unreasonable denial. When, as today, the insured pleads facts from over two years ago which detail the insurer's responsive steps but then fail to allege a single fact thereafter to describe why the claim is not paid other than concluding the claim is not paid, we are left without a basis to understand if the insurer acted in bad faith. Failure to pay a claim may be a breach of contract but is not bad faith without pleading specific facts as to the insurer's responses to the claim. The insured also cannot allege a breach of an implied covenant of good faith in the insurance policy when suing for breach of the same undisputed policy. Nor can the insured obtain attorney's fees for the remaining breach of contract claim. In the accompanying Order, we grant the insurer's motion to dismiss without prejudice to allow the insured to possibly plead facts supporting a bad faith claim under Fed.R.Civ.P. 11.

## I. Alleged facts

On January 6, 2013, Leslie Davis struck Edward Sherman with her car as Mr. Sherman walked in the Willow Grove Park Mall parking lot.[1] On December 22, 2014, the Shermans sued Ms. Davis in state court.[2] Ms. Davis' insurance company, Nationwide Insurance Company, offered to settle for $48,500 through Ms. Davis's $50,000 policy limit. The Shermans accepted the offer.[3]

On February 20, 2015, after receipt of the Davis settlement offer, the Shermans wrote to their insurer State Farm Insurance Company requesting consent for the Davis settlement, and advising they intended to proceed with an Underinsured Motorist Insurance (UIM) claim under the Shermans' policy against State Farm.[4] On March 6, 2015, State Farm consented to the settlement of the Davis claim, and waived its UIM subrogation rights.[5] On May 4, 2015, State Farm confirmed it received Mr. Sherman's medical and wage loss records.[6] On June 10, 2015, State Farm requested an Examination under Oath of Mr. Sherman.[7] Mr. Sherman delivered his Examination under Oath by July 1, 2015.[8]

After July 1, 2015, we have no idea what happened. As of July 1, 2015, the parties were working together to address the Shermans' UIM claim. Over two years later on September 27, 2017, the Shermans sued State Farm claiming it never provided the Shermans with UIM benefits.[9]

## II. Analysis

The Shermans sued State Farm for breach of contract, statutory bad faith under 42 Pa.C.S. § 8371, and breach of an implied covenant of good faith and fair dealing.[10] State Farm now moves to dismiss the Shermans' claims for bad faith, breach of implied covenant of good

2

faith and fair dealing and attorneys' fees for their breach of contract and breach of implied covenant of good faith and fair dealing.[11]

### A. The Shermans do not plead statutory bad faith.

State Farm moves to dismiss the Shermans' bad faith claim for failing to state a claim under the statute.[12] We grant State Farm's motion to dismiss for failure to state a claim under 42 Pa.C.S. § 8371 because the complaint only alleges conclusory allegations, and states no descriptions or explanations of the alleged bad faith conduct.

Less than two months ago, the Pennsylvania Supreme Court addressed the elements of the statutory bad faith claim for the first time. In *Rancosky v. Washington National Insurance Company*[13], the supreme court held an insured is not required to meet a higher standard of proof when asking for punitive damages in a bad faith claim. An insured need not meet the punitive damages standard to succeed on a bad faith claim. While the Shermans now argue the supreme court's recent decision affects our analysis, we find no guidance in the court's thoughtful discussion at our motion to dismiss stage other than again defining the two elements of the statutory offense: the insurer did not have a reasonable basis for denying benefits under the policy and the insurer knew of or recklessly disregarded its lack of a reasonable basis.[14] Unlike the Pennsylvania Supreme Court in *Rancosky*, we are not addressing differing burdens of proof based on a punitive damages claim.

Rather, we are addressing whether the Shermans' allegations allow us to "plausibly infer unreasonable and intentional or reckless denial of benefits."[15] Our court of appeals has consistently dismissed Section 8371 claims when the complaint lacks factual allegations of bad faith conduct, and only states conclusory allegations.[16] In *Smith v. State Farm Mut. Auto. Ins. Co.*, our court of appeals upheld the dismissal of a bad faith claim based on unsupported

3

conclusions such as "failure to investigate", and provided neither detail describing what was unfair about the negotiations, nor explained the insurer's misrepresentations.[17] In *Myers v. State Farm Mut. Auto. Ins. Co.*, Judge Surrick recently dismissed a bad faith claim premised on the insurer's alleged failure to promptly respond to a claim because "other than alleging the date that she filed the claim, Plaintiff mentions no dates of correspondence or any other contact" with the insurer.[18]

The Shermans arguably provide more detail than Judge Surrick reviewed in *Myers*. The Shermans allege State Farm's responsive conduct in mid-2015. But we have no further facts since then. The Shermans allege communications evidencing responsive insurer conduct and then conclude, simply because they have not been paid since, State Farm is liable for bad faith. We have a gap of over two years with no allegation as to what happened. Bad faith is not presumed simply from a conclusory allegation of no payment. In conclusory fashion, the Shermans allege State Farm failed to make an informed decision regarding their claims, failed to pursue a diligent investigation, and failed to act in good faith.[19] They also allege State Farm failed to make a settlement offer, and these actions were intentional, taken in bad faith, and aimed solely at reducing State Farm's expenditures.[20] These are the types of conclusory allegations which do not suffice. Failing to plead explanations or descriptions of what an insurer actually did, or why they did it, is fatal to a bad faith claim.[21] We cannot measure the reasonableness of the insurer's conduct absent facts. Legal conclusions are insufficient.

The Shermans fail to describe or detail State Farm's alleged bad faith, and do not explain how State Farm acted unreasonably and intentionally or recklessly besides alleging State Farm's failure to submit a settlement offer.[22] To the contrary, other than the time delay, we have no idea what happened to the Shermans' UIM claim. The Shermans do not sufficiently allege a Section

4

8371 claim. As State Farm does not presently challenge the breach of contract claim suggesting, at least at this stage, the claim has not been paid, we allow the Shermans to promptly amend to specifically allege a bad faith claim.

### B. The Shermans cannot plead an implied covenant claim.

State Farm moves to dismiss the Shermans' breach of implied covenant claim arguing it cannot be brought as an independent cause of action when there is a breach of contract claim.[23] The Shermans do not respond other than repeat their argument of stating a statutory bad faith claim. We dismiss the Shermans' breach of implied covenant of good faith and fair dealing claim because Pennsylvania law does not permit the claim to be brought as an independent cause of action when a breach of contract claim, centered on the same contract, is also alleged.

Under Pennsylvania law, a claim for breach of implied covenant of good faith and fair dealing cannot be brought as an independent action arising in a contract because the action is a breach of contract.[24] "Whether expressed or implied, the covenant of good faith and fair dealing acts as a term of the contract, and that covenant arises from the contract itself."[25]

The Shermans' alleged breach of implied covenant of good faith and fair dealing arises from their State Farm policy.[26] Under Pennsylvania law, the Shermans cannot bring an independent cause of action for breach of implied covenant of good faith and fair dealing because of the breach of contract claim already alleged.[27]

### C. The Shermans cannot obtain attorney's fees through their remaining breach of contract claim.

State Farm moves to dismiss the Shermans' demand for attorney's fees as to their breach of contract and breach of implied covenant of good faith and fair dealing claims because attorneys' fees are not recoverable under these claims.[28] We dismiss the Shermans' demand for attorney's fees for their remaining breach of contract claim. Parties are responsible for their own

5

attorney's fees regardless of the outcome, unless there is expressed statutory authorization, an agreement between the parties, or another established exception.[29] A party cannot demand attorney's fees for a common law breach of contract claim.[30] Because the Shermans' breach of contract does not fall under any of the exceptions for attorney's fees, we dismiss the Shermans' demand for attorney's fees in the remaining breach of contract claim.

### III. Conclusion

We dismiss the Shermans' statutory bad faith claim without prejudice because they fail to allege the facts necessary to plausibly allege a bad faith claim. We dismiss the Shermans' breach of implied covenant of good faith and fair dealing claim as it cannot be brought as an independent cause of action when a breach of contract claim is already alleged, and the implied covenant of good faith arises out of the same contract. We dismiss the Shermans' demand for attorney's fees as to their breach of contract claim because the claim does not fall under any exceptions allowing attorneys' fees.

---

[1] ECF Doc. No. 4-1, ¶¶ 8-9.

[2] *Id.* ¶ 16.

[3] *Id.* ¶ 17.

[4] *Id.* ¶ 19.

[5] *Id.* ¶ 20.

[6] *Id.* ¶ 21.

[7] *Id.* ¶ 22.

[8] *Id.* ¶ 22.

[9] *Id.* ¶ 24.

[10] *Id.* ¶¶ 25-34, 35-48, 49-47.

[11] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).
Our Court of Appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[12] ECF Doc. No. 4, ¶ 14.

[13] 179 A.2d 364 (Pa. 2017).

[14] *See Barnwell v. Liberty Mutual Insurance Company*, No. 16-4739, 2017 U.S. Dist. LEXIS 188427 (E.D.Pa. Nov. 14, 2017)(granting summary judgment to insurer)(citing *Rancosky, supra.*).

[15] *Myers v. State Farm Mut. Auto. Ins. Co.*, No. 17-3509, 2017 WL 3891968, at *2 (E.D. Pa. Sept. 6, 2017) (citing *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 17-7367, 2015 WL 1072968, at *2-3 (E.D. Pa. Mar. 11, 2015)).

[16] *Myers*, 2017 WL 3891968, at *3.

[17] *Smith*, 506 Fed. Appx at 136.

[18] *Myers*, 2017 WL 3891968, at *3.

[19] ECF Doc. No. 4-1, ¶ 45.

[20] *Id.* ¶¶ 46-47.

[21] *Myers*, 2017 WL 3891968, at *3.

[22] ECF Doc. No. 4-1, ¶ 46.

[23] *Id.* ¶¶ 23-35.

[24] *EFG Bank AG v. Lincoln Nat'l Life Ins. Co.*, No. 17-02592, 2017 WL 4222887, at *5 (E.D. Pa. Sept. 22, 2017) (citing *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 631 (M.D. Pa 2009)).

[25] *Zaloga*, 671 F. Supp. at 630 (citing *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 884 (2007)).

[26] ECF Doc. No. 4-1, ¶ 50.

[27] *Zaloga*, 671 F. Supp. at 630 ("It has been said that a breach of the implied covenant of good faith and fair dealing merges with a breach of contract claim.")

[28] *Id.* ¶ 28.

[29] *Aaron v. State Farm Fire & Cas. Co.*, No. 17-2606, 2017 WL 3484087, at *3 (E.D. Pa. Aug. 14, 2017) (noting *Baker Botts L.L.P. v. ASARCO LLC*, ---U.S.---, 135 S. Ct. 2158, 2164 (2015)); *see also Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 842 (Pa. 1975) (stating the exceptions to the American Rule for attorneys' fees).

[30] *Aaron*, 2017 WL 3484087, at *3; *see O'Brien v. Travelers Property & Cas. Ins. Co.*, 65 Fed. Appx 853, 855-56 (3d Cir. 2003) (reasoning the American Rule precludes lawyer's claim for attorneys' fees and costs incurred in breach of contract action, unless exception to rule applies).